*Oscar B. Hord*, Attorney General, for the State.

## SMITH *et al. v.* VANSCOTEN *et al.*

*A*, having a judgment against *B*, and *B* being insolvent, but the owner of an equitable interest in some land, instituted an action to subject that interest to his judgment. The Court, under the issues on the trial, found that *B* owned personal property worth 97 dollars and 1 cent, and that he was entitled to 202 dollars and 99 cents, out of the value of his equitable interest in the land, to make the

300 dollars, to which he was entitled as exempt from execution, and that he then owed on the land 100 dollars to the grantor of it to him, which was a lien, and ordered the land to be sold, and the last named sum to be first paid, and then the 202 dollars and 99 cents, to *B*, out of the proceeds of the sale, and the residue to be applied on the plaintiff's judgment. The land was sold, and bought by the plaintiffs. They tendered the 100 dollars, but did not tender to *B* the 202 dollars and 99 cents, and in this condition of the matters the Court below ordered that the equitable estate should be conveyed in fee to the purchasers aforesaid.

*Held,* that, under the circumstances, this was error.

APPEAL from the *Steuben* Circuit Court.

*Per Curiam.*—Suit for specific performance. Judgment for the plaintiffs. Appeal by the defendants.

The facts of the case are these:

In 1859 *Oliver Smith* sold to *Willis Carpenter* the land in question in this suit for 150 dollars. The sale was by parol, but *Carpenter* paid 75 dollars of the purchase-money and took possession. The land lies in *Steuben* county, *Indiana.*

In *March,* 1860, *Vanscoten* and *Thompson* recovered a judgment against *Carpenter* for about 175 dollars. Execution was issued and returned no property found, whereupon proceedings were instituted to subject the equitable interest of *Carpenter* in the land so purchased to sale. The Court found that *Carpenter* had personal property of the value of 97 dollars and 1 cent, that he was entitled to 202 dollars and 99 cents of the value of his interest in the land to make up his 300 dollars claimed as exempt from execution, and adjudged that his interest in the land should be sold, subject to the claim of *Smith* for purchase-money unpaid, then about 100 dollars, and 202 dollars and 99 cents exempt from execution upon the claim of *Carpenter.* The sale was made, *Vanscoten* and *Thompson* being the purchasers, subject, &c. After the sale they tendered to *Smith* the amount due to him, but did not

tender to *Carpenter* the amount due him as exempt from execution. The Court below ordered *Smith* to make a deed.

This was error.

The judgment is reversed, with costs. Cause remanded.

*A. Ellison,* for the appellants.

*Blake & Chapin,* for the appellees.